NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO A. C.-R., | Civil Action No. 18-17177 (JMV) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Respondents. | |

**IT APPEARING THAT**:

1. On November 30, 2018, Petitioner, an immigration detainee held in Bergen County Jail in Hackensack, New Jersey ("BCJ"), filed a petition in the United States District Court for the Southern District of New York (the "Southern District") under 28 U.S.C. § 2241 (the "Petition"), challenging his detention by United States Immigration and Customs Enforcement ("ICE") since May 5, 2018. (ECF No. 1.)

2. On December 12, 2018, United States District Judge Paul G. Gardephe of the Southern District transferred Petitioner's action to this Court. (*See* Dec. 12, 2018 Order, ECF No. 6.) Judge Gardephe noted that the transfer of this matter to the District of New Jersey was appropriate because "[P]etitioner filed his [Petition in the Southern District] while detained in and present in New Jersey." (*Id.* at 2.)

3. The Court is required to preliminarily review § 2241 habeas petitions under Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief." Pursuant to this Rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This Court has examined the Petition in accordance with Rule 4 and concludes that summary dismissal of the Petition is not appropriate.

**IT IS**, therefore, on this 18th day of December, 2018,

**ORDERED** that Respondents U.S. Department of Homeland Security, Matthew Whitaker, Kirstjen Nielsen, Thomas Homan, Ronald D. Vitiello, Angel M. Melendez, and Anthony Cureton are dismissed with prejudice. The sole proper respondent in a petition brought under 28 U.S.C. § 2241 is the warden of the facility where the detainee is currently being held, *i.e.*, Steven Ahrendt. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); and it is further; and it is further

**ORDERED** that the Clerk of the Court shall add "Steven Ahrendt, Warden of Bergen County Jail" as a Respondent; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Order on Petitioner's counsel of record by regular mail; and it is further

**ORDERED** that the Clerk shall serve copies of the Petition (at ECF No. 1) and this Memorandum Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall forward a copy of the Petition (at ECF No. 1) and this Memorandum Order to the Civil Division Chief of the United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within forty-five (45) days after the date of entry of this Memorandum Order, Respondent shall electronically file an answer to the Petition; and it is further

**ORDERED** that Petitioner may file and serve a reply within thirty (30) days after the answer is filed; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, by parole or otherwise, as well as any change in the basis for Petitioner's immigration detention, Respondent shall electronically file a written notice of the same with the Clerk of the Court.


s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge