IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO A. C.-R.,<br><br>Petitioner,<br><br>v.<br><br>STEVEN AHRENDT,<br><br>Respondent. | HON. JOHN MICHAEL VAZQUEZ<br><br>Civil Action<br>No. 18-17177 (JMV)<br><br>**OPINION** |

**VAZQUEZ, District Judge:**

I.       **INTRODUCTION**

Petitioner has submitted a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his prolonged immigration detention.  (DE 1.)  For the reasons stated herein, the petition is denied without prejudice.

II.       **BACKGROUND**

Petitioner is a native and citizen of El Salvador who entered the United States on or about February 25, 2012.  (*See* DE 14-1.)  On February 26, 2012, the U.S. Department of Homeland Security ("DHS") notified Petitioner that he was subject to removal as an alien who entered this country without authorization, and that this charge would be resolved via removal proceedings in immigration court.  (*Id.*)  Petitioner has remained in the United States since 2012.  He subsequently relocated to New York and is now father to an American-born son.  (*See*, *e.g.*, DE 1-3.)

On April 20, 2018 – while his charge of removability remained pending and otherwise unresolved in immigration court – Petitioner was arrested in Roosevelt, New York in connection with a domestic dispute.  (DE 14-2.)  The April 21, 2018 misdemeanor complaint that followed indicates that on April 20th, "[Petitioner] did cause an injury or substantial pain to [his son's

mother] by punching victims [sic] face and intentionally broke victims [sic] cell phone . . . [Petitioner] also held an 8 inch knife to the victim while next to [their] 5 month old son, putting the victim in fear for her life and that of [their] son." (DE 14-3.) On May 2, 2018, Petitioner pled guilty to a disorderly conduct charge in Nassau County District Court and was sentenced to 15 days imprisonment. (DE 14-2.) On May 3, 2018, Immigration and Customs Enforcement ("ICE") detained Petitioner (*see* DE 14-4); he has been held at Bergen County Jail in Hackensack, New Jersey since that time. (*See*, *e.g.*, DE 1.)

On August 8, 2018, Petitioner appeared before Immigration Judge ("IJ") Thomas Mulligan in New York City for a bond hearing. At that hearing, IJ Mulligan denied Petitioner's request to be released on bond. (*See* DE 14-5.) On September 26, 2018, the IJ issued a formal written decision setting forth the basis of that ruling, *i.e.*, that Petitioner failed to demonstrate that he was not a danger to the community. (*Id.*) On January 4, 2019, the Board of Immigration Appeals ("BIA") affirmed IJ Mulligan's bond denial. (DE 14-6.) On January 8, 2019, IJ Mulligan held a merits hearing at which he considered – and denied – all of Petitioner's removal-related applications and ordered his removal to El Salvador. (*See* DE 14-7.) Petitioner's appeal of IJ Mulligan's January 8th decision is now pending before the BIA. (*See* DE 14 at 4.)

A. *The Parties' Habeas Filings*

Petitioner initiated the present habeas action on November 30, 2018. (DE 1.) Petitioner's request for habeas relief is rooted solely in the purported impropriety of IJ Mulligan's decision denying Petitioner's release on bond. (*See*, *generally*, *id.*) In that respect, Petitioner claims that IJ Mulligan "erroneously shifted the burden [of proof at that hearing] from DHS to [Petitioner]" because the IJ "required [Petitioner] to establish that he was not a risk to the community." (DE 1 at 15.) He also claims that IJ Mulligan impermissibly relied on inadmissible hearsay statements

and other unreliable information contained in the April 20, 2018 police report of the officers who arrested Petitioner and in Petitioner's April 21, 2018 charging document. (DE 1 at 8, 16.) He further avers that the IJ improperly disregarded the June 14, 2018 statement of Petitioner's alleged victim (*id.* at 9); that statement undermines the veracity of certain unsavory facts detailed in the April 20th police report and April 21st complaint. (*See* DE 1-3.) Petitioner likewise claims that IJ Mulligan incorrectly found that Petitioner failed to submit any documents evidencing his remorse and rehabilitation (*see* DE 1 at 9) because Petitioner provided the immigration court with evidence of his admission to a 26-week rehabilitation program for batterers. (*See* DE 1-4.) Petitioner similarly claims that IJ Mulligan failed to consider other evidence submitted by Petitioner in support of his bond application – including affidavits, tax returns, family photographs, and other documents – demonstrating Petitioner's significant family ties to the United States, lack of criminal and immigration infractions, good character, and stable employment. (DE 1 at 9, 16; *see also* DE 1-5.) Petitioner claims that as a result of the foregoing, he was denied his "constitutional right to a fair and impartial bond hearing." (DE 1 at 15.) Petitioner requests that this Court order his release from immigration custody, or, in the alternative, order another bond hearing before an IJ. (*See id.* at 20.)

Respondent (the "Government") filed its answer to Petitioner's § 2241 petition on February 15, 2019. (DE 14.) The Government correctly notes that Petitioner, by way of his habeas petition, singularly "challenges the immigration judge's August 8, 2018 denial of his release at his custody redetermination hearing." [1] (*Id.* at 5.) The Government argues that because Petitioner – as an

---

[1] Stated somewhat differently, in his § 2241 petition, "Petitioner does not challenge the fact or duration of his detention." (DE 14 at 5.)

individual detained under § 1226(a)[2] – already received a *bona fide*, lawfully-conducted bond hearing, there is no additional relief available to him from this Court in this habeas proceeding.

## III.    STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates constitutional rights, this Court has jurisdiction over his claims.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## IV.    ANALYSIS

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, *e.g.*, during the "pre-removal" period.  Detention of an alien before entry of a final removal order is governed by Section 1226 of Title 8 of the United States Code.  Section 1226(a) authorizes the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States.  This Section provides, in relevant part:

> (a) Arrest, detention, and release[-] On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United

---

[2]  Petitioner agrees that he is currently being detained pursuant to § 1226(a).  (*See* DE 1 at 20.) The Court likewise agrees. *See Mendoza v. Green*, 2016 WL 4208439, at *1 (D.N.J. Aug. 8, 2016) (finding that a similarly-situated immigration detainee's detention was governed by § 1226(a)).

States. Except as provided in subsection (c)[3] of this section and pending such decision, the Attorney General-

    (1) may continue to detain the arrested alien; and

    (2) may release the alien on-

        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

        (B) conditional parole[.]

8 U.S.C. § 1226(a).

Aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings." *Contant v. Holder*, 352 F. App'x 692, 694-96 (3d Cir. 2009); *accord Borbot v. Warden Hudson Cnty Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); 8 C.F.R. § 236.1(c)(8). Congress specifically provided immigration officials with the discretion to grant or withhold release on bond, and "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). District courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See*, *e.g.*, *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016).

In other words, where a § 1226(a) detainee was provided with a *bona fide* bond hearing, this Court may not grant him a new bond hearing or order his release, and a petitioner seeking review of the bond decision must instead either appeal the bond denial to the BIA or seek his

---

[3] 8 U.S.C. § 1226(c) speaks to mandatory detention pending the outcome of removal proceedings for certain criminal aliens. As noted above, § 1226(c) is inapplicable to Petitioner's detention.

release by filing a request for a bond redetermination hearing. *Pena*, 2016 WL 74410, at *2; *see also Contant*, 352 F. App'x at 695. The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner can show that his bond hearing was conducted unlawfully or without due process, in which case this Court may have the authority to order a new bond hearing. *See*, *e.g.*, *Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3-4 (D.N.J. Apr. 29, 2016); *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (noting that district courts do not have the power to overrule denial of release after *bona fide* hearing).

Here, Petitioner has undisputedly received one bond hearing before an IJ. Although Petitioner challenges the evidence that IJ Mulligan did – and did not – expressly consider in denying Petitioner's release on bond, there is nothing in the record before the Court which credibly demonstrates that IJ Mulligan's August 8, 2018 bond hearing was conducted unlawfully or without due process. There is likewise nothing before the Court that suggests that the IJ's September 26, 2018 written decision detailing the basis for that ruling or the BIA's January 4, 2019 opinion affirming IJ Mulligan's bond denial otherwise renders Petitioner's current discretionary detention unconstitutional. *See Borbot*, 906 F.3d at 278-79 ("Borbot was afforded a prompt bond hearing, as required by § 1226(a) and its implementing regulations. He appealed the rejection of his application for release to the BIA and was given an opportunity to obtain a redetermination hearing if he could show materially changed circumstances. . . . Borbot was [therefore] granted meaningful process prior to filing his habeas petition.").

"Paramount here, once an immigration judge reached a decision as to release – or denial of release – of an alien detainee upon holding a proper individualized bond hearing, a district court has no appellate mandate to annul such decision." *Morrison v. Elwood*, No. 12-4649, 2013 WL

323340, at *1 (D.N.J. Jan. 28, 2013). Indeed, this Court "has no mandate to second-guess a substantive outcome of proceedings held by Petitioner's immigration judge: the entities endowed with the power of appellate review of immigration judges are the [BIA] and the United States Courts of Appeals. This Court's power to entertain habeas applications ensues solely from the narrowly-tailored mandate of 28 U.S.C. § 2241, which –with respect to the claims raised by pre-removal order alien detainees – allows relief limited to a directive of a bond hearing." *Id.*

In light of the foregoing considerations, the Court lacks authority to provide Petitioner the relief which he seeks. *See Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018) ("This Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted.") (citing *Garcia*, 2016 WL 1718102, at *3); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions."); *see also Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

V.    CONCLUSION

For the reasons stated above, Petitioner's habeas petition is denied without prejudice. An accompanying Order follows.


May 9, 2019                                     s/ John Michael Vazquez
Date                                            JOHN MICHAEL VAZQUEZ
                                                United States District Judge